UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRICE ALILA-KATITA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendant. | Case No. 16-cv-03950-JSW<br><br>**ORDER GRANTING MOTION TO AMEND AND FOR JOINDER**<br><br>Re: Dkt. No. 61 |

Now before the Court for consideration is the motion to amend and for joinder filed by Plaintiffs. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for January 27, 2017, and it HEREBY GRANTS Plaintiffs' motion. The Court set forth the background of this dispute in its Orders resolving Defendant's motion to dismiss and Plaintiffs' first motion for leave to amend and to join additional plaintiffs. (*See* Docket Nos. 28, 59.) Accordingly, it shall not repeat the facts or procedural history, unless it is material to the analysis. Plaintiffs now seek leave to amend their complaint to join eleven individuals as Plaintiffs. (*See* Dkt. No. 61-1, Declaration of Edward J. Wynne ("Wynne Decl."), ¶ 3.) Three of those individuals are members of the *Duran* class. Eight of the individuals were members of the class in the related case *Trahan v. U.S. Bank National Association,* No. 09-cv-03111-JSW. (*Id.*)

**ANALYSIS**

**A.    Applicable Legal Standards.**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right any time before a responsive pleading has been served. Once a responsive pleading

has been served, however, the amendment requires written consent of the adverse party or leave of the court, and leave "shall be freely given when justice requires." Fed. R. Civ. P. 15(a). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted).

"Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "Rule 20 . . . is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg. Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977). "Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Id.* (quoting *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 724 (1966)).

**B.     The Court Grants the Motion to Add Former *Duran* Class Members.**

Defendant consents to Plaintiffs' request include Elisa Dimaggio and Eugenio Tobolo as additional Plaintiffs. Accordingly, pursuant to the parties' consent, the Court GRANTS, IN PART, Plaintiffs' motion. Plaintiffs also seek leave to amend to include Justin Chu as a Plaintiff. Mr. Chu is a former member of the *Duran* class.

Defendant argues the Court should deny the motion to include Mr. Chu as a Plaintiff, because Plaintiffs did not identify him until January 5, 2017. The Court set a deadline of December 30, 2016 for Plaintiffs' counsel to "advise Defendant's counsel if there are any additional persons who seek to join this litigation." (Order Granting Leave to Amend at 6:11-12.) Plaintiffs argue that they complied with this Order by advising Defendant that there were, in fact, additional persons who wished to join the litigation. However, the Court also ordered that "[i]f there are any such individuals *and if the parties cannot agree upon whether those persons should be added*, Plaintiffs may file a motion for joinder, which shall be heard on January 27, 2017." (*Id.* at 6:16-18 (emphasis added).) The Court's intent was for Plaintiffs to specifically identify the

2

1  individuals whom they wanted to include as Plaintiffs. However, Defendant has not articulated
2  any prejudice it has suffered as a result of the belated disclosure of Mr. Chu.

3  Accordingly, for the reasons set forth in the Court's previous Order granting leave to
4  amend, the Court GRANTS the motion to add Mr. Chu as a Plaintiff.

**C.    The Court Grants the Motion to Add Former *Trahan* Class Members as Plaintiffs.**

The Court considers five factors to determine whether a motion for leave to file an amended complaint should be granted under Rule 15: "'(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,]'" and (5) whether the moving party previously amended a pleading. *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (listing the first four factors as factors to be considered). Each factor is not given equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Absent prejudice, or a strong showing of any of the remaining … factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).

In response to the motion, Defendant does not suggest Plaintiffs have acted in bad faith or that it would be futile to grant leave to amend to include former *Trahan* class members. It does argue that delay weighs against amendment. Plaintiffs filed their original complaint in May 2016, and filed their First Amended Complaint ("FAC") on July 12, 2016. Plaintiffs allege that the statute of limitations on their claims has been tolled by the *Duran* litigation. (FAC ¶ 2.) They also alleged that they "all worked at some time within 4 years of the filing of the *Duran* case up to the time the *Duran* class definition was determined." (*Id.*) Plaintiffs made no reference to the *Trahan* litigation, although counsel for the Plaintiffs here also represented the plaintiff and the class members in the *Trahan* case.

In addition, in a joint case management statement filed on September 30, 2016, Plaintiffs identified themselves as a "subset for the former class members" of the *Duran* litigation. (Dkt. No. 30, Joint Case Management Statement at 1:20-21.) Although Plaintiffs stated that they

intended to bring a motion to amend additional plaintiffs, they did not suggest they would seek to include former members of the *Trahan* class and their original motion did not seek leave to include any such individuals.

This Court decertified the *Trahan* class on January 6, 2015, and the class claims in that case were dismissed without prejudice on July 1, 2015. (Dkt. No. 63, Defendant's Request for Judicial Notice, Exs. 2-3.)[1] During that period, the proposed plaintiffs did not pursue their claims, either individually or by way of a complaint akin to that filed in this case. Plaintiffs do not explain this delay, other than to state "it was not until after" the Court granted the first motion for leave to amend "on December 16, 2016 and before December 30, 2016, that Plaintiffs' counsel was able to confirm with the eight former *Trahan* class members that they wished to [pursue] their claims individually in the *Alila-Katita* case." (Dkt. No. 64-1, Supplemental Declaration of Edward J. Wynne, ¶ 2.) Counsel and these individuals have known of the facts that give rise to their claims since the *Trahan* case was filed. They also have known since January 2015 that their claims would not be pursued on a classwide basis. The Court finds that, as to the former *Trahan* class members, the unexplained and unjustified delay weighs against granting leave to amend. *Cf. AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (noting that court has held that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable").

Because delay alone generally does not justify denying leave to amend, the Court considers the potential prejudice to Defendant. *See DCD Programs*, 833 F.2d at 186. Defendant argued it would suffer prejudice, because the *Trahan* cases involved claims not at issue in this case. Plaintiffs have mooted that argument by representing that the former *Trahan* class members will limit their claims to the UCL claim at issue here.

Defendant also argues that the *Trahan* class period spanned a different time frame and,

---

[1] Defendant asks the Court to take judicial notice of the First Amended Complaint in the *Trahan* case, the Order granting the motion to decertify the *Trahan* class, and the notice of voluntary dismissal filed in that case. Plaintiff does not oppose the request, and the Court may take judicial notice of those documents. Accordingly, the request is GRANTED.

4

thus, different policies are at issue as well and that additional witnesses will be required. Defendant also argues it was not under a duty to preserve evidence related to the *Trahan* litigation, but it has not specifically identified any evidence that may have been lost or identified witnesses who might no longer be available.

In addition, this argument overlaps with Rule 20's requirement that the newly proposed plaintiffs' claims arise out of the same transaction and occurrence as the current Plaintiffs' claims. "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Plaintiffs' overarching theory of this case remains that Defendant misclassified them as non-exempt employees. The plaintiff in *Trahan* also premised his claim on that theory.

When Defendant moved to relate this case to the *Trahan* case, it stated that the Plaintiffs in this case worked for it between December 26, 1997 and July 2009. (*See Trahan v. U.S. Bank.*, No. 09-cv-3111, Dkt. No. 202, Administrative Motion to Relate at 2:7-12.) Defendant also stated that some of the Plaintiffs in this case "were also class members in *Trahan*." (*Id.* at 3:8-9.) Defendant summed up its motion by stated that "*Trahan* and *Alila-Katita* therefore concern substantially the same parties, regarding the same position and same claim of alleged exempt misclassification." (*Id.* at 3:9-12.) The Court recognizes that Defendant made these statements in the context of a motion to relate cases. However, none of the proposed plaintiffs who are former *Trahan* class members worked for Defendant after June 30, 2009. Thus, their claims will overlap with the claims of the existing Plaintiffs. (Wynne Decl., ¶ 3.) The Court concludes that the newly proposed plaintiffs' claims arise of out of the same transaction and occurrence as the current Plaintiffs' claims. For these same reasons, and for the reasons set forth in its Order granting Plaintiffs' first motion to amend, the Court also concludes Plaintiffs have shown that questions of law or fact common to all plaintiffs will arise in the action.

The Court also must "examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (internal quotations and citations omitted). Although there has been a greater delay in asserting the claims of the newly proposed Plaintiffs,

for the reasons set forth in the Court's prior order, the Court finds that leave to amend should be granted.

Defendant has not articulated any prejudice it would suffer from joinder of the new plaintiffs, and the Court has not found any given the existing overlap in the time periods involved. Although Plaintiffs have not explained the delay, there is no suggestion that they are acting in bad faith, and *this* case is in the early phases of litigation. The newly proposed plaintiffs also are BBOs and, although they may be former members of the *Trahan* class, there is some relationship between them and the existing parties. Further, there would not be any impact on the Court's jurisdiction if it were to allow the amendment.

Accordingly, the Court GRANTS Plaintiff's motion for leave to amend, but it will not consider any further motions to add Plaintiffs to this case.

**IT IS SO ORDERED.**

Dated: January 23, 2017

_____
JEFFREY S. WHITE
United States District Judge